UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 APR 25 AM 9:58

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | '08 MJ 1279 |
| Plaintiff, | Magistrate Case No._____ |
| v. | COMPLAINT FOR VIOLATION OF |
| **Jason David SEBALD** | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- Bringing in Illegal Aliens Without Presentation |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about **April 24, 2008**, within the Southern District of California, defendant **Jason David SEBALD**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Maria Araceli AYALA-Mejia** and **Isabel LUIS-Zarate** had not received prior official authorization to come to, enter or reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Roger Quintana Jr., United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this **25th** day of **April, 2008**.

UNITED STATES MAGISTRATE JUDGE



## **PROBABLE CAUSE STATEMENT**

The complainant states that **Maria Araceli AYALA-Mejia** and **Isabel LUIS-Zarate** are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 24, 2008, at approximately 5:43 AM, **Jason David SEBALD (Defendant)** made application for admission into the United States from Mexico at the San Ysidro Port of Entry via the vehicle primary lanes. Defendant was the driver and sole visible occupant of a stolen gold 2000 Ford F-350 pick up bearing California license plates. Defendant presented himself for inspection before a United States Customs and Border Protection (CBP) officer and verbally claimed to be United States citizen. Defendant told the officer he was not bringing anything from Mexico and stated that the vehicle belonged to him. The CBP officer conducted a cursory inspection of the vehicle and discovered a person concealed underneath the rear bench seat. The vehicle and its occupants were subsequently escorted to secondary for further inspection.

In secondary, CBP officers pulled the back seat rest forward and assisted one female from the seat. The CBP officers then lifted the back seat cushion and discovered another female. The CBP officers noticed the foam of the back seat cushion had been removed and the back seat was not secured to the vehicle floor as the screws holding it were removed. The two concealed females were determined to be citizens of Mexico without entitlements to enter the United States and are now identified as **Maria Araceli AYALA-Mejia (MW1)** and **Isabel LUIS-Zarate (MW2)**.

During a videotaped interview, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Initially Defendant claimed ownership of the vehicle. Defendant recanted this statement and said the vehicle belonged to a friend. Defendant denied knowledge of the concealed aliens.

A videotaped interview was conducted with the MW1. MW1 admitted she is a citizen of Mexico without documents to lawfully enter the United States. MW1 stated she made arrangements with an unknown male in Mexico and was to pay a $2,500.00 USD smuggling fee upon arrival to Anaheim, California.

A videotaped interview was conducted with the MW2. MW2 admitted she is a citizen of Mexico without documents to lawfully enter the United States. MW2 stated she made arrangements with an unknown male at the Tijuana airport and was to pay a $3,500.00 USD smuggling fee upon arrival to Anaheim, California.